UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE KINSER,<br>Inmate Booking No. 197926107,<br><br>                            Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO; WILLIAM GORE; DEPUTY V. MARTINEZ; SGT. G. WARD; CAPT. J. MADSEN,<br><br>                            Defendants. | Case No.: 3:19-cv-02416 GPC (MSB)<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**2) DISMISSING DEFENDANTS COUNTY OF SAN DIEGO, WILLIAM GORE, SERGEANT WARD, AND CAPTAIN MADSEN FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) & 28 U.S.C. § 1915A(b)** |

Michele Kinser ("Plaintiff"), an inmate currently housed at Las Colinas Detention and Reentry Facility ("LCDRF") located in Santee, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1).

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when she filed her Complaint; instead, she filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

1

/ / /

**I.  Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). However, prisoners who are granted leave to proceed IFP remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

---

[1]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

In support of her IFP Motion, Plaintiff has submitted a copy of her Prison Certificate completed by an accounting officer at LCDRF. *See* ECF No. 2 at 5; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show Plaintiff has carried an average monthly balance of $0.11, and had $80.83 in average monthly deposits to her account over the 6-month period immediately preceding the filing of her Complaint—but she had only a $.64 available balance on the books at the time of filing. (*See* ECF No. 2 at 5.)

Based on this accounting, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses an initial partial filing fee of $16.17 pursuant to 28 U.S.C. § 1915(b)(1). However, this initial fee need be collected only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

## II. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner[2] and is proceeding IFP, her Complaint also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these

---

[2] While Plaintiff is currently housed in a local facility, she states that she was criminally sentenced on July 22, 2019 and thus, is serving a post-conviction sentence and is not a pre-trial detainee. (*See* Compl. at 7.)

3

statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. <u>Factual Allegations</u>

Plaintiff has been housed at the Las Colinas Detention Facility since she was arrested on April 25, 2019. (*See* Compl. at 7.) Plaintiff was sentenced to a prison term

on July 22, 2019 and is serving her sentence in local custody rather than a state prison. (*See id.*)

Initially, Plaintiff was housed in a "lower security level housing dorm." (*Id.*) Plaintiff has no disciplinary "write ups" and participates in "codependency groups, poetic justice class," and was "asked to facilitate a self-help class to help inmates make more positive decisions when they are released." (*Id.*)

Plaintiff also assisted her cellmate with legal paperwork. (*See id.*) Specifically, Plaintiff's cellmate had legal mail returned by the Los Angeles Superior Court due to the fact that she had forms filled out with pencil rather than pen. (*See id.*) On November 28, 2019, Plaintiff's cellmate asked Defendant Martinez if she could use a "pen under supervision." (*Id.* at 7-8.) Martinez "said no" and informed Plaintiff that she could not assist her cellmate by filling out a proof of service for her legal filings. (*Id.* at 8.)

Later that evening, Plaintiff and her cellmate spoke to Martinez's supervisor and "explained the situation and concerns." (*Id.*) The "Lieutenant said he would take care of it and proceeded to talk to Defendant Martinez." (*Id.*) "Immediately after the Lieutenant left, Martinez called out Plaintiff's cellmate and asked her "why we stopped her [Lieutenant] over something 'so stupid'." (*Id.*)

At seven in the evening, Defendant Martinez "conducted the weekly unit inspection" and "began with Plaintiff's cell" where she "spent 20-30 minutes tearing up the cell." (*Id.*) She also "pat searched" Plaintiff before returning her to her cell. (*Id.*) Plaintiff "realized [Martinez] had not searched any other cell" nor did she "pat search any other inmates." (*Id.*)

Later that evening, "Martinez took a plastic bag to Plaintiff's cell and told her to pack her things or she would pack them for her." (*Id.*) Plaintiff asked "numerous times why she was being moved" but Martinez would not respond. (*Id.* at 9.)

Plaintiff was moved to a "high-security, disciplinary unit where she is not allowed to walk to the dining hall to meals, nor is she allowed to have contact visits." (*Id.*) Martinez "later wrote an inmate status report attempting to justify moving Plaintiff to a

higher level unit by stating that Plaintiff's 'sophistication' gave her influence over other inmates and created tension between inmates and staff." (*Id.*)

Plaintiff filed a "formal grievance" which was submitted to Sergeant Ward. (*Id.*) Plaintiff alleges Ward "conducted no further inquiry nor did she interview other staff." (*Id.*) Ward responded to Plaintiff's grievance that "because Plaintiff did not receive a disciplinary write-up, the move was not considered disciplinary in nature." (*Id.*)

Plaintiff filed her grievance at the next level of review which was submitted to Captain Madsen. (*Id.* at 10.) Madsen "merely reiterated [Sergeant] Ward's response and against stated the move of Plaintiff to a disciplinary unit was not a disciplinary action nor did he find Defendant Martinez's conducting retaliatory." (*Id.*)

C.  42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

D.  Grievance Processing Claim – Defendants Ward and Madsen

As an initial matter, the Court finds Plaintiff's Complaint fails to state a claim as to Defendants Ward and Madsen because an official's allegedly improper processing of a prisoner's grievances or appeals, without more, does not serve as a sufficient basis for section 1983 liability. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (due process not violated simply because defendant fails properly to process grievances submitted for

consideration); *see also Todd v. California Department of Corrections and Rehabilitation*, 615 Fed. Appx. 415, 415 (9th Cir. 2015) (district court properly dismissed claim based on improper "processing and handling of […] prison grievances," since prisoners have no "constitutional entitlement to a specific prison grievance procedure") (citing *Ramirez*, 334 F.3d at 860) (quotation marks omitted); *Shallowhorn v. Molina*, 572 Fed. Appx. 545, 547 (9th Cir. 2014) (district court properly dismissed § 1983 claims against defendants who "were only involved in the appeals process") (citing *Ramirez*, 334 F.3d at 860); *Daniels v. Aguilera*, No. 2:16-CV-00996-JAM-CKD P, 2018 WL 558658, at *1 (E.D. Cal. Jan. 24, 2018), *report and recommendation adopted sub nom. Daniels v. Aguillera*, No. 2:16-CV-00996-JAM-CKD P, 2018 WL 1763311 (E.D. Cal. Apr. 12, 2018) ("Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process prison grievances."). Simply "'[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation.'" *Ellington v. Clark*, 2010 WL 3001427, at *2 (E.D. Cal. Jul. 29, 2010) (quoting *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007)).

Therefore, the claims arising from the administrative grievance procedure and the way in which Plaintiff's grievances were responded to as to Defendants Ward and Madsen are dismissed for failing to state a claim upon which relief may be granted.. *See* 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1); *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

E. <u>Monell claims</u>

Plaintiff also asserts a claim against the County of San Diego itself, however, her allegations are insufficient. While Plaintiff claims that the "municipality had a policy" but she fails to identify the nature of this policy or any specific factual description of this purported policy. (Compl. at 10.) A municipal entity may be held liable under § 1983 only if she alleges facts sufficient to plausibly show that he was deprived of a constitutional right by individually identified employees who acted pursuant to the

municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. Dep't of Social Servs,* 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). The County of San Diego may not be held vicariously liable under § 1983 simply because one of its employees is alleged to have acted wrongfully. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691 ("[A] a municipality cannot be held liable solely because it employs a tortfeasor."); *Jackson v. Barnes*, 749 F.3d 755, 762 (9th Cir. 2014). Instead, the municipality may be held liable "when execution of a government's policy or custom ... inflicts [a constitutional] injury." *Monell*, 436 U.S. at 694; *Los Angeles Cty., Cal. v. Humphries*, 562 U.S. 29, 36 (2010).

Therefore, the claims against the County of San Diego are dismissed for failing to state a claim upon which relief may be granted.. *See* 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1); *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

F. <u>Sheriff Gore -- Individual Liability</u>

While William Gore, the San Diego County Sheriff is a "person" subject to suit under § 1983, there are no specific factual allegations as to this Defendant in the body of the Complaint itself. Plaintiff only identifies her as the ""Sheriff of the Dep't which employs the named Defendants."  (Compl. at 2.)

These types of broad and conclusory allegations fail to plausibly show how, or to what extent, Gore may be held individually liable for any constitutional injury. *See Iqbal*, 556 U.S. at 676-77; *Jones v. Comm'ty Redev. Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim). As pleaded, Plaintiff plainly seeks to hold Gore liable for the acts of unidentified subordinates. But "vicarious liability is inapplicable to … § 1983 suits." *Iqbal*, 556 U.S. at 676. Instead, "Plaintiff must plead that each Government-official defendant, through [his] own individual actions, has violated the Constitution" in order to plead a plausible claim for relief. *Id.*; *see also Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013)

(supervisor may be held liable under §1983 only if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation") (citations and internal quotation marks omitted); *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979) (when a named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged).

### E. Retaliation Claims – Martinez

As to Plaintiff's retaliation allegations involving Deputy V. Martinez, however, the Court finds her Complaint contains plausible claims sufficient to survive the "low threshold" set for sua sponte screening as required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.").

### G. Leave to Amend

Because the Court has determined that Plaintiff's First Amendment retaliation claim survives the sua sponte screening process, the Court will give Plaintiff the opportunity to either: (1) notify the Court of the intent to proceed solely with her First Amendment retaliation claim against Defendant Martinez; or (2) file an amended pleading correcting all the deficiencies of pleading identified by the Court in this Order as to the remaining Defendants. Plaintiff must choose one of these options within forty-five (45) days from the date this Order is filed. If Plaintiff chooses to proceed as to her retaliation claim against Martinez only, the Court will issue an Order directing the U.S. Marshal to effect service of her Complaint on Martinez and dismiss the remaining claims and defendants.

/ / /

/ / /

### III. Conclusion and Orders

For all the reasons discussed, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2).

2. **DIRECTS** the Watch Commander for the LCDRF, or their designee, to collect from Plaintiff's trust account the $16.17 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Watch Commander, Las Colinas Detention and Reentry Facility, 451 Riverview Parkway, Santee, California 92071.

4. **DISMISSES** Plaintiff's claims against Defendant County of San Diego, William Gore, Sergeant Ward, and Captain Madsen *sua sponte* based on her failure to state a claim against them pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

5. **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to either: (1) Notify the Court of the intention to proceed with the retaliation claims against Martinez only; or (2) File an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete in itself without reference to her original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey*, 693 F.3d at 928 (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

6. The Clerk of Court is directed to mail a court approved civil rights complaint form.

**IT IS SO ORDERED**.

Dated: February 20, 2020

Hon. Gonzalo P. Curiel
United States District Judge