UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE KINSER,<br>Inmate Booking No. 197926107,<br>         Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO; WILLIAM GORE; DEPUTY V. MARTINEZ; SGT. G. WARD; CAPT. J. MADSEN; DOES 1-25,<br>         Defendants. | Case No.: 3:19-cv-02416 GPC (MSB)<br><br>**ORDER:**<br><br>**1) DISMISSING DEFENDANTS AND CLAIMS FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) & 28 U.S.C. § 1915A(b)**<br><br>**AND**<br><br>**3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF FIRST AMENDED COMPLAINT AND SUMMONS UPON DEFENDANT MARTINEZ PURSUANT TO 28 U.S.C. § 1915(d) & Fed. R. Civ. P. 4(c)(3)** |

1

## I. Procedural History

On December 16, 2019, Michele Kinser ("Plaintiff"), an inmate currently housed at Las Colinas Detention and Reentry Facility ("LCDRF") located in Santee, California, and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1).

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when she filed her Complaint; instead, she filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (*See* ECF No. 2).

On February 20, 2020, the Court GRANTED Plaintiff's Motion to Proceed IFP and simultaneously DISMISSED Defendants County of San Diego, William Gore, Sergeant Ward, and Captain Madsen for failing to state a claim upon which relief could be granted. (*See* ECF No. 3 at 10.) However, the Court found that Plaintiff had adequately stated a First Amendment retaliation claim against Defendant Martinez. (*See id.* at 9.) Plaintiff was given the "opportunity to either: (1) notify the Court of the intent to proceed with her First Amendment retaliation claim against Defendant Martinez only; or (2) file an amended pleading correcting all the deficiencies of pleading identified by the Court." (*Id.*)

On May 28, 2020, after receiving an extension of time, Plaintiff filed a First Amended Complaint ("FAC") against Defendants Madsen, Martinez, and Ward. (*See* ECF No. 6.) Plaintiff was informed in the Court's February 20, 2020 Order that "Plaintiff's Amended Complaint must be complete in itself without reference to her original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir.

2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")." (ECF No. 3 at 11.)

Plaintiff's FAC no longer names County of San Diego or Gore as Defendants. Thus, the claims against these Defendants are deemed waived.

## II.   Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A.   Standard of Review

As the Court previously informed Plaintiff, because Plaintiff is a prisoner[1] and is proceeding IFP, her FAC also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted

---

[1] While Plaintiff is currently housed in a local facility, she states that she was criminally sentenced on July 22, 2019 and thus, because she is serving a post-conviction sentence and she is not a pre-trial detainee. (*See* FAC at 9.)

as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.  Factual Allegations

Plaintiff has been housed at the LCDRF since she was arrested on April 25, 2019. (*See* FAC at 9.)  Plaintiff was sentenced to local custody on July 22, 2019.  (*See id.*) Plaintiff was initially housed in a "lower security dorm." (*Id.*)  Plaintiff claims she has had "no disciplinary write-ups or actions against her during the entire time of her incarceration." (*Id.*) Plaintiff claims that she did "have one infraction of a non-existent rule" and was "locked down for one night." (*Id.*)

On November 18, 2019, Plaintiff signed a proof of service for a court filing submitted by her cellmate. (*See id.*)  The filings were returned to Plaintiff's cellmate "with a letter saying she must re-submit the forms in ink." (*Id.* at 10.)  Plaintiff's cellmate "approached Defendant V. Martinez" and asked Martinez if "she could use a pen to fill out court papers." (*Id.*)  Martinez "said no and that she would have to wait for a counselor." (*Id.*)  Martinez also told Plaintiff's cellmate that Plaintiff "was not allowed to sign the [proof of service] because [Plaintiff] was an inmate." (*Id.*)

On November 29, 2019, Plaintiff's cellmate "asked another Deputy" if she could "use a pen in her presence to fill out the forms." (*Id.*)  Plaintiff's cellmate was permitted

4

to fill out the forms and "she also allowed Plaintiff to execute the [proof of service]." (*Id.*) That evening, Martinez "came to the unit to do a security check." (*Id.*) Plaintiff alleges that Martinez refused to allow her cellmate to "use a pen to sign court documents." (*Id.* at 12.)

Plaintiff's cellmate spoke with Lieutenant Chapelle[2] and he "said he would take care of it and went to talk to Martinez." (*Id.*) After Chapelle left, Plaintiff claims Martinez told her cellmate that she "wanted to know why [they] stopped her [Lieutenant] over something 'so stupid.'" (*Id.*) Plaintiff alleges Martinez told her cellmate to "be careful of Plaintiff" because she "doesn't know what she's doing." (*Id.*) Plaintiff further alleges that she later learned Martinez had been "eavesdropping on the entire conversation" between Plaintiff, her cellmate, and Chapelle "through the facility's intercom system." (*Id.*)

Later that evening, during the "weekly unit inspection," Plaintiff claims Martinez spent "20 – 30 minutes completely ransacking the [Plaintiff's] cell." (*Id.*) Martinez purportedly "called out only Plaintiff from the multi-purpose room" and told her to "face the wall and spread her feet" so Martinez could "physically search Plaintiff." (*Id.* at 12-13.) Plaintiff attempted to tell Martinez that she "had an extra blanket due to a physician's note" but Martinez told her to "stop talking" and put Plaintiff back in her cell. (*Id.* at 13.) Plaintiff alleges that "Martinez had not searched anyone else's cell in the manner in which she [searched] Plaintiff's." (*Id.*)

Later that evening, Plaintiff alleges Martinez "came into Plaintiff's cell carrying a plastic bag, dropped it on Plaintiff's bed and told her to 'pack your shit up or I will do it for you and write you up for disobeying a direct order.'" (*Id.*) Plaintiff asked why she was being moved but Martinez "would not respond." (*Id.*)

---

[2] Chapelle is not a named Defendant.

As Plaintiff was "leaving the dorm she overheard Martinez telling someone on the phone, 'well they can undo it if they want to but for now, I'm moving her.'" (*Id.*) Plaintiff was then moved to a "higher security" dorm where she was "no longer allowed contact visits." (*Id.*) This dorm is also "used to house problem inmates, as well as psych unit over-flow." (*Id.* at 13-14.) Plaintiff claims other inmates in this dorm "scream constantly, bang their heads against the wall, or kick the cell doors all night." (*Id.* at 14.)

Plaintiff submitted a grievance to Defendant Sergeant Ward on November 30, 2019. (*See id.*) In the grievance, Plaintiff claimed Martinez "had set forth no proven facts or evidence in her report to justify moving Plaintiff." (*Id.*) Ward responded, "in writing" and "acknowledged" that "Plaintiff had requested preservation of evidence, namely the video surveillance footage." (*Id.* at 15.) Ward's response "refers to the incident report documenting Plaintiff's allegedly attempting to conceal her prescription medication." (*Id.*) Ward also purportedly verbally told Plaintiff that the "move was not a disciplinary move because Plaintiff did not receive a write-up yet." (*Id.*)

Plaintiff claims Ward "did not look any further into the matter, although the entire purpose of a grievance is for staff to 'investigate' and revolve issues presented by inmates." (*Id.* at 16.) Plaintiff alleges Ward "conducted no investigation." (*Id.*)

Plaintiff appealed Ward's response to Defendant J. Marsden, Facility Captain. (*See id.* at 17.) Marsden "responded to Plaintiff's complaint" on December 12, 2019. (*Id.*) Marsden "stated that he reviewed Plaintiff's in-house history and her criminal history to 'get a better understanding of the situation.'" (*Id.*) Plaintiff claims Marsden "merely rubber-stamped Defendant Martinez's decision to move Plaintiff from her housing unit." (*Id.*) Marsden found no reason to reverse Martinez's action "based upon the totality of the information, criminal history, in-custody behavior, documentation, and observation of staff." (*Id.* at 18.)

Plaintiff seeks compensatory damages, "disciplinary action taken against all named Defendants," and injunctive relief. (*Id.* at 31.)

C.     42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

D.     Grievance Processing Claim – Defendants Ward and Madsen

Once again, the Court finds Plaintiff fails to state a claim as to Defendants Ward and Madsen because an official's allegedly improper processing of a prisoner's grievances or appeals, without more, does not serve as a sufficient basis for section 1983 liability. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (due process not violated simply because defendant fails properly to process grievances submitted for consideration); *see also Todd v. California Department of Corrections and Rehabilitation*, 615 Fed. Appx. 415, 415 (9th Cir. 2015) (district court properly dismissed claim based on improper "processing and handling of […] prison grievances," since prisoners have no "constitutional entitlement to a specific prison grievance procedure") (citing *Ramirez*, 334 F.3d at 860) (quotation marks omitted); *Shallowhorn v. Molina*, 572 Fed. Appx. 545, 547 (9th Cir. 2014) (district court properly dismissed § 1983 claims

against defendants who "were only involved in the appeals process") (citing *Ramirez*, 334 F.3d at 860); *Daniels v. Aguilera*, No. 2:16-CV-00996-JAM-CKD P, 2018 WL 558658, at *1 (E.D. Cal. Jan. 24, 2018), *report and recommendation adopted sub nom. Daniels v. Aguillera*, No. 2:16-CV-00996-JAM-CKD P, 2018 WL 1763311 (E.D. Cal. Apr. 12, 2018) ("Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process prison grievances."). Simply "'[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation.'" *Ellington v. Clark*, 2010 WL 3001427, at *2 (E.D. Cal. Jul. 29, 2010) (quoting *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007)).

Therefore, the claims arising from the administrative grievance procedure and the way in which Plaintiff's grievances were responded to by Defendants Ward and Madsen are dismissed for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1); *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

D. Eighth Amendment claims

Plaintiff appears to allege that her Eighth Amendment rights were violated by the conditions of confinement in the higher security dorm. (*See* FAC at 22.) Plaintiff claims that the "unit Plaintiff was moved to is not only more restrictive in inmate movement such as longer periods of cell confinement, it carries with it the loss of certain privileges such as contact visits and being able to walk to meals with other inmates." (*Id.*)

"After incarceration, only the unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986)) (internal quotations omitted). "[A]mong unnecessary and wanton inflictions of pain are those that are totally without penological justification." *Hope v. Pelzer*, 536 U.S. 730, 737 (2002) (internal quotations and citations omitted).

To state cruel and unusual punishment claim, Plaintiff must allege facts sufficient to satisfy two requirements. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Iqbal*, 556 U.S. at 678. First, she must allege her deprivation was "objectively [and] 'sufficiently serious.'" *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)); *see also Peralta v. Dillard*, 744 F.3d 1076, 1091 (9th Cir. 2014). Prison conditions are not objectively serious unless they amount to "unquestioned and serious deprivations of basic human needs," or of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Wilson*, 501 U.S. at 298-300; *Grenning v. Miller-Stout*, 739 F.3d 1235, 1238 (9th Cir. 2014) (citation omitted).

Second, Plaintiff's FAC "must contain sufficient factual matter" to demonstrate that each Defendant acted with a sufficiently culpable state of mind, that of "deliberate indifference." *Iqbal*, 556 U.S. at 678; *Wilson*, 501 U.S. at 303; *Peralta*, 744 F.3d at 1091. A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to the prisoner's health and safety." *Farmer*, 511 U.S. at 837. In other words, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists [to the prisoner], and [the prison official] must also draw the inference." *Id.*

Plaintiff alleges that her Eighth Amendment rights were violated when she was moved to a higher security dorm. (*See* FAC at 22.) However, a change to her classification status is not a "basic human need," and does not plausibly deprive her of "life's necessities." *See Rhodes*, 452 U.S. at 347.

Moreover, Plaintiff does not allege that she suffered any physical injury as a result of Defendant's actions. Plaintiff cannot recover monetary damages for a "mental or emotional injury" without a "prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e).

For these reasons, Plaintiff has failed to state an Eighth Amendment conditions of

9

confinement claim upon which relief may be granted.

E. Conspiracy

Plaintiff claims that Ward and Madsen "were complicit in causing Plaintiff's harm and in furthering the objectives of Defendant Martinez and such complicity amounts to conspiracy." (FAC at 30.)

To state a claim for conspiracy under section 1983, Plaintiff's Complaint must contain sufficient "factual matter," and not simply offer "naked" and conclusory assertions, *Iqbal*, 556 U.S. at 678, to plausibly show: "(1) the existence of an express or implied agreement among the defendant officers to deprive [the plaintiff] of his constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement." *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010) (internal quotation marks omitted); *Klein v. Williams*, 714 F. Appx 631, 636 (9th Cir. 2017), *cert. denied*, 139 S. Ct. 76 (2018); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001).

Plaintiff's allegations of conspiracy are vague at best and fail to plead any factual support sufficient to plausibly show how the actions of Defendants demonstrates either an express or implied agreement to violate her constitutional rights. *See Avalos*, 596 F.3d at 592; *Bell Atlantic Corp. v Twombly*, 550 U.S. 544, 555 (2007) (Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level....") (citations omitted). A plaintiff must set forth "the grounds of [her] entitlement to relief [,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action...." *Id.*

For these reasons, Plaintiff has failed to state a conspiracy claim upon which relief may be granted.

F. Retaliation Claims – Martinez

As to Plaintiff's retaliation allegations involving Deputy V. Martinez, however, the Court finds her FAC contains plausible claims sufficient to survive the "low threshold"

10

set for sua sponte screening as required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.").

Therefore, the Court will direct the U.S. Marshal to effect service of summons Plaintiff's FAC as to Defendant Martinez only on her behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

### III. Conclusion and Order

For the reasons explained, the Court:

1. **DISMISSES** all claims against County of San Diego and William Gore;

2. **DISMISSES** all claims against Defendants Ward and Madsen for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b);

3. **DISMISSES** Plaintiff's Eighth Amendment and conspiracy claims for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b);

4. **DIRECTS** the Clerk to issue a summons as to Plaintiff's FAC (ECF No. 6), along with a blank U.S. Marshal Form 285 as to Defendant Martinez only. In addition, the Clerk will provide Plaintiff with a certified copy of the February 20, 2020 Order granting IFP status, certified copies of her FAC, and the summons so that she may serve

Defendant Martinez. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285s as completely and accurately as possible, *include an address where Defendant may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1c., and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying her IFP Package.

    5.    **ORDERS** the U.S. Marshal to serve a copy of the FAC and summons upon Defendant Martinez as directed by Plaintiff on the USM Form 285s provided to her. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

    6.    **ORDERS** Defendant Martinez, once she has been served, to reply to Plaintiff's FAC within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the Defendants are required to respond).

    7.    **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendant Martinez, or if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document she seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendant or her counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with

the Clerk or which fails to include a Certificate of Service upon the Defendant, or her counsel, may be disregarded.

**IT IS SO ORDERED**.

Dated: July 6, 2020

Hon. Gonzalo P. Curiel
United States District Judge